IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARTIS E. GORHAM, JR.,

Plaintiff,

vs.

A. HEDGPETH, et al.,

Defendants.

No. C 12-00890 YGR (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a state prisoner, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His motion for leave to proceed *in forma pauperis* has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at the Salinas Valley State Prison (SVSP), which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants at SVSP: Former Warden Anthony Hedgpeth[1]; Chief Deputy Warden A. Solis; Deputy Warden E. B. Brown; Associate Warden D. Asuncion; Captain S. Hatton; Lieutenants R. Parin/Paryn,[2] A. Dyarzabal, and J. Stevenson; Sergeants L. Locke and L. Stepp; Correctional Officers L. Hernandez and B. Sanchez; Correctional Counselors E. Medina and Ramos. Plaintiff seeks monetary damages.

## DISCUSSION

**I.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

---

[1] Plaintiff has mis-spelled Defendant Hedgpeth's names as "Hedgthpeth."

[2] Plaintiff spells this Defendant's name as "Parin" and "Paryn" in his complaint. Therefore, the Court will use both names.

relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Legal Claims

### A. Excessive Force Claim

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).

Plaintiff alleges that on May 10, 2011, he was subjected to excessive force by Defendants Hernandez and Locke. Plaintiff claims that he sustained injuries as a result of this incident.

Liberally construed, Plaintiff's complaint states a cognizable Eighth Amendment claim against Defendants Hernandez and Locke.

### B. Due Process Claims

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus, although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, the Due Process Clause requires certain minimum procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995); *Wolff*, 418 U.S. at 556-57, 571-72 n.19.

California's regulations concerning discipline provide explicit standards that narrowly fetter official discretion. *See* Cal. Code Regs. tit. 15, § 3320(l) (requiring guilt to be proven by preponderance of evidence standard); § 3320(a) (requiring notice); § 3320(b) (requiring hearing);

*Walker v. Sumner*, 14 F.3d 1415, 1419 (9th Cir. 1994) (finding Nevada regulations, which are similar to California's, create liberty interest).

*Wolff* established five procedural requirements for prison disciplinary hearings implicating the Due Process Clause. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id.* Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566; *see also Bartholomew v. Watson*, 665 F.2d 915, 917-18 (9th Cir. 1982) (right to call witnesses is basic to fair hearing and decisions to preclude should be on case by case analysis of potential hazards of calling particular person). Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Wolff*, 418 U.S. at 570.

In *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), the Court held that the minimum requirements of procedural due process also require that the findings of the prison disciplinary board be supported by some evidence in the record. *Id.* at 454. An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. *See id.* The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *Id.* at 455. The Ninth Circuit additionally has held that there must be some indicia of reliability of the information that forms the basis for prison disciplinary actions. *See Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

The fact that a prisoner may have been innocent of disciplinary charges brought against him,

3

however, does not give rise to a constitutional claim. The Constitution demands due process in prison disciplinary procedures, not error-free decision-making. *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994); *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983).

In the present action, Plaintiff claims that Defendant Parin/Paryn informed him that he "was being placed in ad-seg for battery on a peace officer . . . ." (Compl. at 3D.) Plaintiff also states that on May 12, 2011, he was escorted to see "Capt. Hatton by Sgt. Hartmetz, C/O Godina, and C/O Morris to have [his] ad-seg placements hearing and [he] was informed that [he] would be retained until the outcome of [his] RVR[3]." (*Id.*) The Court notes that Plaintiff has failed to allege any specific due process violations, for example, that he was not granted a hearing before being placed in ad-seg, or that the hearing officer refused to allow him to present certain witnesses and evidence at his disciplinary hearing. Therefore, liberally construed, the allegations of the complaint do not state a § 1983 claim against Defendants Parin/Paryn, Hatton, or any of the named Defendants for violating Plaintiff's right to due process. Accordingly, Plaintiff's due process claim is DISMISSED WITH LEAVE TO AMEND to cure this pleading deficiencies indicated above.

### C. Claims Against Remaining Defendants

Finally, Plaintiff names the following individuals as Defendants in the caption of his complaint, even though he makes no allegations whatsoever against them in the body of the complaint: Defendants Hedgpeth, Solis, Brown, Asuncion, Dyarzabal, Stevenson, Sanchez, Medina, and Ramos. Plaintiff states that Defendant Stepp "enquired [sic] of [him] what happened, at which time [Plaintiff] gave [his] narration of what transpired earlier that day . . . ." (Compl. at 3C.) Plaintiff adds that Defendant Stepp "informed [him] that there were no incident reports or lock up orders with [his] name of them." (*Id.*) However, such allegations do not state a § 1983 claim against Defendant Stepp.

Because some of these Defendants are supervisors, Plaintiff may intend to assert claims against them based on their subordinates' misconduct. There is no *respondeat superior* liability, however, under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). That is, there is no

---

[3] Rules Violation Report.

4

liability solely because one is responsible for the actions or omissions of another. *Id.* A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.*

Because Plaintiff does not allege a basis for liability for the Defendants who are named in the caption of his complaint but not named in the body of the complaint, his claims against those Defendants are DISMISSED WITH LEAVE TO AMEND. The Court also finds Plaintiff does not allege a basis for liability for Defendant Stepp; therefore, the claims against this Defendant are also DISMISSED WITH LEAVE TO AMEND. Plaintiff may reassert claims against the remaining Defendants in an amended complaint only if he can in good faith allege that they violated his federal rights.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for the use of excessive force against Defendants Hernandez and Locke. For reasons of judicial economy, however, service of this claim will be held until Plaintiff files an amended complaint, as allowed below, so all claims can proceed together.

2. Plaintiff's remaining claims are hereby DISMISSED WITH LEAVE TO AMEND, as indicated above. Within **twenty-eight (28) days** from the date of this Order Plaintiff may file an amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- C 12-0890 YGR (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. The failure to file an amended complaint will result in the dismissal of this action without prejudice.

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

5

Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

5. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

DATED: February 11, 2013

**Y**VONNE **G**ONZALEZ **R**OGERS
**U**NITED **S**TATES **D**ISTRICT **C**OURT **J**UDGE