UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS E. GORHAM,<br>　　　　Plaintiff,<br>　　v.<br>ANTHONY HEDGPETH, et al.,<br>　　　　Defendants. | Case No. 12-0890 WHO (PR)<br>**ORDER OF SERVICE;**<br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br>**INSTRUCTIONS TO CLERK** |

**INTRODUCTION**

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a pro se state prisoner. The complaint was dismissed with leave to file an amended complaint. The amended complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

Having concluded that the amended complaint states cognizable claims, the Court directs defendants to file a dispositive motion, or notice regarding such motion, on or before January 10, 2014, unless an extension is granted. The Court further directs that defendants are to adhere to the new notice provisions detailed in Sections 2.a and 10 of the conclusion of this order.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

1  upon which relief may be granted or seek monetary relief from a defendant who is immune
2  from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.
3  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

4        A "complaint must contain sufficient factual matter, accepted as true, to 'state a
5  claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949
6  (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has
7  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
8  reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting
9  *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal
10 conclusions cast in the form of factual allegations if those conclusions cannot reasonably
11 be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55
12 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
13 essential elements:  (1) that a right secured by the Constitution or laws of the United States
14 was violated, and (2) that the alleged violation was committed by a person acting under the
15 color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

      Plaintiff alleges that (1) Salinas Valley Correctional Officers L. Hernandez and L. Locke used excessive force on him on May 10, 2011; (2) Locke violated plaintiff's Eighth Amendment rights when he threatened to place plaintiff in danger if he reported the May 10th incident; (3) S. Hatton, a correctional officer, in violation of plaintiff's First Amendment rights, filed battery charges against plaintiff in retaliation for reporting the May 10th incident; (4) B. Sanchez, a correctional officer, filed a false report regarding the incident; (5) J. Stevenson, a correctional officer, violated plaintiff's right to due process by finding him guilty of the battery charge, and (6) A. Solis, Warden of Salinas Valley State Prison, violated his due process rights by denying plaintiff's appeal of Stevenson's decision.

      Claims 1, 2, and 3, when liberally construed, appear to state claims cognizable under § 1983.  Claims 4, 5, and 6, however, are DISMISSED without leave to amend.  As

the Court stated in its order dismissing the complaint with leave to amend, such allegations, even when liberally construed, do not state a due process claim in connection with his disciplinary hearing, for example, that he was not granted a hearing, or that the hearing officer refused to allow him to present certain witnesses and evidence at his disciplinary hearing.  Also, in regard the claim against B. Sanchez, he has not alleged or shown that the ultimate prison decision was not supported by some reliable evidence.  *See Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).  Sanchez, Stevenson, and Solis are DISMISSED as defendants.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint in this matter, all attachments thereto, and a copy of this order upon Salinas Valley Correctional Officers L. Hernandez, L. Locke, and S. Hatton.  The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

2. No later than ninety (90) days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119–20 (9th Cir. 2003), cert. denied *Alameida v. Terhune*, 540 U.S. 810 (2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the

1  Court prior to the date the summary judgment motion is due.

2      3.    Plaintiff's opposition to the dispositive motion shall be filed with the Court
3  and served on defendants no later than forty-five (45) days from the date defendants'
4  motion is filed.

5          a.    In the event the defendants file an unenumerated motion to dismiss
6  under Rule 12(b), plaintiff is hereby cautioned as follows:

7          The defendants have made a motion to dismiss pursuant to Rule 12(b) of the
8  Federal Rules of Civil Procedure, on the ground you have not exhausted your
9  administrative remedies.  The motion will, if granted, result in the dismissal of your case.
10 When a party you are suing makes a motion to dismiss for failure to exhaust, and that
11 motion is properly supported by declarations (or other sworn testimony) and/or documents,
12 you may not simply rely on what your complaint says.  Instead, you must set out specific
13 facts in declarations, depositions, answers to interrogatories, or documents, that contradict
14 the facts shown in the defendant's declarations and documents and show that you have in
15 fact exhausted your claims.  If you do not submit your own evidence in opposition, the
16 motion to dismiss, if appropriate, may be granted and the case dismissed.

17     4.    Defendants shall file a reply brief no later than fifteen (15) days after
18 plaintiff's opposition is filed.

19     5.    The motion shall be deemed submitted as of the date the reply brief is due.
20 No hearing will be held on the motion unless the Court so orders at a later date.

21     6.    All communications by the plaintiff with the Court must be served on
22 defendants, or defendants' counsel once counsel has been designated, by mailing a true
23 copy of the document to defendants or defendants' counsel.

24     7.    Discovery may be taken in accordance with the Federal Rules of Civil
25 Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local
26 Rule 16-1 is required before the parties may conduct discovery.

27     8.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
28 court informed of any change of address and must comply with the court's orders in a

1 timely fashion.  Failure to do so may result in the dismissal of this action for failure to
2 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3      9. Extensions of time must be filed no later than the deadline sought to be
4 extended and must be accompanied by a showing of good cause.

5      10. A recent decision from the Ninth Circuit requires that pro se prisoner-
6 plaintiffs be given "notice of what is required of them in order to oppose" summary
7 judgment motions at the time of filing of the motions, rather than when the court orders
8 service of process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d
9 934, 939-41 (9th Cir. 2012).  Defendants shall provide the following notice to plaintiff
10 when they file and serve any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

**IT IS SO ORDERED.**

**Dated:**  October  10 , 2013



WILLIAM H. ORRICK
United States District Judge

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS E GORHAM JR,<br><br>        Plaintiff,<br><br>  v.<br><br>A HEDGTHPETH et al,<br><br>        Defendant. | Case Number: CV12-00890 WHO<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 10, 2013, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Artis E. Gorham D-40352
Salinas Valley State Prison
FAC B3-121
P.O. Box 1050
Soledad, CA 93960

Dated: October 10, 2013

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk