UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS E. GORHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>A. SOLIS, et al.,<br><br>    Defendants. | Case No. 12-cv-00890-WHO (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART GORHAM'S MOTIONS TO COMPEL DISCOVERY;**<br><br>**ORDER EXTENDING TIME** |

**INTRODUCTION**

Plaintiff Artis Gorham seeks discovery for his complaint that (1) Salinas Valley Correctional Officers L. Hernandez and L. Locke used excessive force on him on May 10, 2011; (2) Locke violated Gorham's Eighth Amendment rights when he threatened to place him in danger if he reported the May 10th incident; and (3) S. Hatton, a correctional officer, in violation of Gorham's First Amendment rights, filed battery charges against him in retaliation for reporting the May 10th incident. (Order of Service, Docket No. 20, at 2.)[1]

Most of the requested discovery is not related to Gorham's own complaint, but instead to other allegations of officer misconduct at Salinas Valley State Prison in 2011. He has not shown how that discovery is relevant to his claims, and it is DENIED. To the

---

[1] Gorham did not title this filing as a motion to compel, but the Court construes his second motion for the production of documents (Docket No. 53) as such a motion.

extent that certain discovery relevant to Gorham and his claims has not been provided (and on this record, it is not clear whether it has been), his request is GRANTED and further records shall be provided to Gorham no later than November 20, 2014.

The Court extends the time for Gorham to file an opposition to defendants' motion for summary judgment to January 20, 2015. **No further extensions will be granted.** The Court reminds Gorham that he must meet the opposition filing deadline even if the Court has not ruled on any motions he may file before the deadline of January 20, 2015. Defendants' reply to the opposition, if any, shall be filed within 15 days after the opposition has been filed.

## BACKGROUND

Gorham served defendants with his first requests for the production of documents (Docket No. 48), and defendants served responses and objections about a month later. Gorham then filed the instant second motion for the production of documents, which the Court construes as a motion to compel. (Docket No. 53.)

Gorham did not meet and confer with defendants prior to filing his motion to compel. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the Court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a); N.D. Cal. Local Rule 37. However, given the pending motion for summary judgment, the defendants' response to the motion on the merits that did not indicate willingness to provide any documents in a meet and confer process, and the delay that would be caused if I required the parties (i) to meet and confer over requests whose materiality is easily determined by a review of Gorham's motion, (ii) to then brief the discovery issue again, and (iii) to continue further the briefing on the motion for summary judgment until the potentially relevant documents were produced, which would likely be necessary under Federal Rule of Civil Procedure 56(d), I will review Gorham's request on the merits.

# DISCUSSION

## I. Standard of Review

Discovery requests must be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Discovery may be limited by the Court if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). Requests for documents "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A).

## II. Discovery To Which Gorham Is Entitled

Gorham is entitled to all documents in defendants' possession relating to the incident on May 10, 2011, any investigation into that incident, Locke's alleged threat against Gorham, Hatton's battery charge against Gorham, and communications about Gorham relating to those incidents and communications about those incidents. If these documents have been produced, then the legitimate requests within Gorham's requests for documents have been complied with and I will not require more at this time. If any of these documents are being withheld because of privilege or other legally sufficient reason, they should be delivered to me within ten days. If any of these documents are being withheld absent those reasons, they should be delivered to Gorham no later than November 20, 2014. Within ten days of this order, defendants shall file a Notice that either they have provided all the documents described in this Section to Gorham, that they assert privilege or other reason why documents to be lodged with the Court should not be produced, or that they will be providing further documents to Gorham.

Gorham's remaining requests are overbroad and deficient for the reasons stated below.

**III.     Gorham's Specific Discovery Requests**

Except as described in Section II, above, Gorham's motion to compel discovery of Requests 3-8, 12, 13, and 18 is otherwise DENIED. The materials he seeks are barred from disclosure by the official-information privilege. And, his requests are overly broad, burdensome, and he has not shown that the materials relate to his specific claims.

**A.     Discovery Requests 3, 5, and 7**

In his first discovery request (Docket No. 48), Gorham asked for (i) the names of those "who conducted inquiries of [defendants] for all allegations of staff misconduct" in 2011 at Salinas Valley State Prison (Req. 3); (ii) the names of the persons from internal affairs who investigated allegations of staff misconduct by defendants in 2011 (Req. 5); and (iii) the names of persons who conducted investigations into all allegations made against defendants in the last ten years (Req. 7). (First Req., Docket No. 48. at 2.) In the motion to compel, Gorham expands his request to include all investigations for the past five years. (Second Req., Docket No. 53 at 2.)

Defendants object to these requests because they are subject to the official-information privilege, which is one of federal common law. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages." *Id.* at 1033-34. The privilege "must be formally asserted and delineated in order to be raised properly," and the party opposing disclosure must "state with specificity the rationale of the claimed privilege." *Kerr v. United States Dist. Ct. for the Northern Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975). In order for the Court to determine whether the official information privilege applies, defendants must provide with their objection a declaration or affidavit containing (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality, (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure

4

1  subject to a carefully crafted protective order would create a substantial risk of harm to
2  significant governmental or privacy interests, and (5) a projection of how much harm
3  would be done to the threatened interests if the disclosure were made. *Kelly v. City of San*
4  *Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987). Here, the Court finds that defendants have
5  made a sufficient showing based on the declaration of G. Lopez, the litigation coordinator
6  at Salinas Valley, which contains the necessary affirmations and statements. (Docket No.
7  61.)

       The burden now shifts to Gorham to prove the following in his motion to compel:
(1) how the requested information is relevant to the litigation or is reasonably calculated to
lead to the discovery of admissible evidence; (2) identify his interests that would be
harmed if the material were not disclosed; and (3) how that harm would occur and how
extensive it would be. *Kelly*, 114 F.R.D. at 671. Gorham has not met these requirements.
He requests discovery of the materials, but does not provide any reasons why such
materials are relevant or reasonably calculated to lead to the discovery of admissible
evidence. Nor does he state what interests would be harmed or how extensive such harm
would be.

       His requests are also overly broad. Gorham gives no reason why such information
is relevant to the specific incidents that occurred between him and defendants. It would be
difficult to show the relevance of the results of investigations into <u>all</u> allegations of
excessive force made by Salinas Valley inmates from 2011 until now, and Gorham has
provided no such showing. Gorham's discovery requests then are not "reasonably
calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1), and
his motion to compel responses to Requests 3, 5, and 7 is DENIED.

### B.     Discovery Requests 4, 6, and 8

       In his first discovery request, Gorham requested (i) copies of investigations into all
allegations made against defendants in 2011 at Salinas Valley (Req. 4); (ii) copies of
internal affairs' investigations of all allegations the names of the persons from internal
affairs who investigated all allegations of staff misconduct by defendants in 2011 (Req. 6);

1 and (iii) copies of "any and all answers given in inqu[iries] internal affairs[,] investigations

2 and questions asked about staff misconduct" by defendants over the last 10 years (Req. 8).

3 (First Req., Docket No. 48 at 2.)

4       As noted above, defendants have asserted and shown that the official-information

5 privilege applies.  Gorham has not met his burden to overcome the assertion of the

6 privilege.  He states without elaboration that such information "will lead to admissible

7 evidence." (Second Req., Docket No. 53 at 3.)  This is insufficient.  It is not enough to say

8 that the discovery will lead to such evidence.  The burden is to show exactly how the

9 materials requested are relevant and exactly how they will lead to admissible evidence.

10 Also, Gorham has not identified what interests would be harmed or the extent of such

11 harm.

12       His motion to compel will be denied on the additional ground that Gorham gives no

13 specific, clarifying reason why such information is relevant to the specific incidents that

14 occurred between him and defendants.  Also, he has not shown that the burden of the

15 proposed discovery (the results of all investigations over several years) outweighs its likely

16 benefit, a benefit that Gorham fails to specify.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  Gorham's

17 discovery requests are not "reasonably calculated to lead to the discovery of admissible

18 evidence," Fed. R. Civ. P. 26(b)(1), and his motion to compel responses to Requests 4, 6,

19 and 8 is DENIED.

20     **C.**    **Discovery Request 12**

21       In his first discovery request, Gorham asked for access to defendants' work

22 email accounts so that he can retrieve (i) email generated by L. Stepp on May 10, 2011;

23 and (ii) "any other emails that have plaintiff's name or CDCR # in them" (Req. 12).  (First

24 Req., Docket No. 48, at 3.)  To the extent these emails have anything to do with the

25 matters referenced in Section II. above, they should be produced.

26       As noted above, defendants have asserted and shown that the official-information

27 privilege applies.  Gorham has not met his burden to overcome the assertion of the

28 privilege on anything other than those referenced in Section II.  He makes no assertion

6

how the materials sought will lead to admissible evidence, nor has he identified what interests would be harmed, nor the extent of such harm.

His motion to compel will be denied for the additional reason that Gorham gives no specific, clarifying reason why such information is relevant to the specific incidents that occurred between him and defendants, other than what is referenced in Section II. Also, he has not shown that the burden of the proposed discovery (all emails containing his name or prisoner number) outweighs its likely benefit, a benefit that Gorham fails to specify. Fed. R. Civ. P. 26(b)(2)(C)(iii). Gorham's discovery request is not "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1), and his motion to compel responses to Request 12 is DENIED, excepting those materials referenced in Section II. above, which should be produced.

### D. Discovery Request 13

In his first discovery request, Gorham asked for (i) copies of the interviews performed at Salinas Valley in 2011 related to an unspecified internal affairs' investigation; and (2) the names of the persons interviewed, as well as the dates and times the interviews were conducted (Req. 13). (First Req., Docket No. 48, at 3.)

As noted above, defendants have asserted and shown that the official-information privilege applies. Gorham has not met his burden to overcome the assertion of the privilege. He makes no assertion how the materials sought will lead to admissible evidence, nor does has he identified what interests would be harmed, nor the extent of such harm. (Second Req., Docket No. 53 at 3.)

His motion to compel will be denied for the additional reason that Gorham gives no specific, clarifying reason why such information is relevant to the specific incidents that occurred between him and defendants. Gorham's discovery requests are not "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1), and therefore his motion to compel responses to Request 13 is DENIED.

### E. Discovery Request 18

In his first discovery request, Gorham asked for copies of "any and all" inquiries on internal affairs reports by B. Sanchez and an unnamed tower officer on May 10, 2011. (Req. 18.) (First Req., Docket No. 48, at 5.) While Gorham may be entitled to inquiries related to the incident involving him, he has not shown why he is entitled to any other inquiries. As before, defendants have asserted and shown that the official-information privilege applies. Gorham has not met his burden to overcome the assertion of privilege. He makes no specific assertion how the materials sought will lead to admissible evidence, nor does has he identified what interests would be harmed, nor the extent of such harm. (Second Req., Docket No. 53 at 5.)

His motion to compel will be denied for the additional reason that Gorham gives no specific, clarifying reason why such information is relevant to the specific incidents that occurred between him and defendants. Gorham's discovery requests are not "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1), and therefore his motion to compel responses to Request 18 is DENIED, except to the extent that such materials are those identified in Section II. above, which should be produced.

## MOTION FOR THE APPOINTMENT OF COUNSEL

Gorham's renewed motion for the appointment of counsel (Docket No. 59) is DENIED for the reasons stated in the Court's orders regarding the prior such motions. (Docket Nos. 28 and 47.)

## MOTION TO COMPEL L. LOCKE TO FILE A DECLARATION

Gorham moves to compel L. Locke to file a declaration "to satisfy the rules of the court." (Docket No. 56 at 2.) This motion is DENIED because Gorham fails to give a sufficient reason justifying a motion to compel. Specifically, he does not identify what rule of court needs to be satisfied or how his interests are implicated.

## MOTION TO STAY

Gorham's motion to stay proceedings until his second motion for the production of documents has been answered (Docket No. 57) is DENIED. Because the Court has

8

ordered production of relevant materials and set a new briefing schedule, no stay is required.

## CONCLUSION

Gorham's second motion for the production of documents/motion to compel (Docket No. 53) is GRANTED in part in accordance with Section II, above. Within ten days of this order, defendants shall file a Notice either that they have provided all the documents described in Section II to Gorham, that they assert privilege or other reasons why documents that they will contemporaneously lodge with the Court should not be produced, or that they will be providing further documents to Gorham by November 20, 2014. The remainder of Gorham's motion is DENIED in accordance with this Order.

Gorham's motion for the appointment of counsel (Docket No. 59), his motion to stay the action (Docket No. 57), and his motion to compel L. Locke to file a declaration (Docket No. 56) are DENIED.

The Court extends the time for Gorham to file an opposition to defendants' motion for summary judgment to January 20, 2015. **No further extensions will be granted.** The Court reminds Gorham that he must meet the opposition filing deadline even if the Court has not ruled on any motions he may file before the deadline of January 20, 2015.

The Clerk shall terminate Docket Nos. 53, 56, 57 and 59.

**IT IS SO ORDERED.**

**Dated:** November 3, 2014

_____
WILLIAM H. ORRICK
United States District Judge